IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEIDRA N. CRUM, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 11-00409-KD-C |
| ) | |
| HEALTHCARE MANAGEMENT ) | |
| SYSTEMS, INC., ) | |
|     Defendant. ) | |

**ORDER**

This matter is before the Court on the Defendant Healthcare Management Systems, Inc. ("HMS")'s unopposed Motion for Summary Judgment (Docs. 13-15).

**I.   Findings of Fact**

The Court adopts and incorporates herein, the findings of fact set forth in HMS' summary judgment brief and determination of undisputed facts. (Docs. 14-15).

**II.   Conclusions of Law**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (Dec. 2010).  HMS, as the party seeking summary judgment, bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323.

Plaintiff Deidra N. Crum ("Crum") failed to file any opposition to HMS' motion even though

she was provided with several opportunities to do so. (Docs. 16, 20). Crum's failure to point out any disputed facts is deemed an admission that no material facts are in dispute. See, e.g., Patton v. City of Hapeville, Ga., 162 Fed. Appx. 895, 896 (11th Cir. 2006); S.D.ALA.L.R. 7.2(b).

Additionally, the Court has considered the merits of HMS' motion[1] and is satisfied that HMS has demonstrated the absence of a genuine issue of material fact. Crum filed this case pursuant to Title VII of the *Civil Rights Act of 1964* and 42 U.S.C. § 1981, alleging that her employer, HMS, terminated her employment based on her race and/or in the alternative, terminated her in retaliation for complaining of racial discrimination. (Doc. 1). HMS has filed a motion for summary judgment wherein it presents substantial proof that Crum was terminated for inadequate performance of her job duties. Crum has failed to respond to HMS' motion and thus has failed to put forth any evidence that HMS' reason for terminating Crum is a pretext for racial discrimination or retaliation.

### III.  Conclusion

Accordingly, having considered the merits of HMS' motion and for those reasons more fully stated in its supporting brief, it is **ORDERED** that HMS' Motion for Summary Judgment (Docs. 13-15) is **GRANTED** and that this case is **DISMISSED WITH PREJUDICE.**

A Final Judgment consistent with the terms of this Order shall be entered by separate document as required by Rule 58 of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this **16th** day of **January 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] United States v. One Piece of Property, 5800 S.W. 4th Ave., Miami, Fla., 363 F.3d 1099 (11th Cir. 2004).